UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRANDON GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-137-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Brandon Gray was recently confined at the Federal Medical Center ("FMC") in Lexington, Kentucky. Proceeding without an attorney, Gray filed a civil rights Complaint, alleging that she is "a transgender male-to-female inmate" who "made several requests for accommodations" at [FMC] but none were granted. [Record No. 1 at 4-5] Gray then details alleged interactions with several prison employees regarding her requests. [*See id.* at 5-11] She claims the employees "exhibited very rude and unprofessional and threatening behaviors." [*Id.* at 11] Gray also contends that FMC is not following applicable Bureau of Prisons ("BOP") policies regarding transgender inmates. [*See id.* at 4, 11] And she further asserts that she "sent complaints via cop-out to [the] Warden" and also "sent a letter to [the BOP's] Transgender Executive Council" via the "BOP's General Counsel." [*Id.* at 16]

The Court screened Gray's Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and dismissed some of the claims. [Record No. 9] Gray, however, was allowed to proceed on claims for injunctive and declaratory relief against the BOP. [*Id.*]

The BOP responded to Gray's Complaint by filing a motion to dismiss. [Record No. 12] The BOP made one argument in the motion: Gray failed to fully exhaust available administrative remedies before filing suit as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). [*Id.*] It pointed out that there is a multi-tiered administrative grievance process by which a prisoner must pursue her issue informally via a BP-8 Form and, if necessary, file a BP-9 Form with the Warden, BP-10 Form with the applicable Regional Director, and BP-11 Form with the General Counsel. [*Id.* at 3] The BOP then attached a declaration from a prison employee and prison records suggesting that Gray filed no such administrative grievances regarding the matters at hand. [Record No. 12-1]

In response, Gray argues that staff at FMC "prevented her on several occasions" from filing administrative remedies. [Record No. 19] Indeed, she asserts that, on at least four separate occasions, her prison counselor refused to provide her with administrative remedy request forms. [*Id.* at 1-2]

The BOP filed a reply, contending, among other things, that Gray's Complaint "is devoid of allegations that [her counselor] prevented her from filing administrative remedy forms. Rather, the only reference to administrative remedies in the Complaint is Gray's assertion that she sent complaints through informal requests to the Warden and sent a letter to the BOP's Transgender Executive Council." [Record No. 21 at 1] The BOP also asserts for the first time that Gray's claims for injunctive and declaratory relief are moot because she was recently transferred to a different federal prison. [*Id.* at 2-3]

As an initial matter, the Court will treat the BOP's motion as one seeking summary judgment because it has attaches and relies on a declaration and other documentary evidence extrinsic to the pleadings. *See* Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607

F.3d 1102, 1104 (6th Cir. 2010). Having fully reviewed the parties' submissions, the Court will deny the BOP's motion.

The BOP is correct in contending that the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). And this exhaustion requirement is mandatory. *See Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). Notwithstanding this requirement, failure to exhaust is an affirmative defense that the defendant must plead and prove by a preponderance of the evidence. Here, the BOP has not met its burden.

The BOP has submitted evidence suggesting that Gray did not fully complete the standard step-by-step administrative grievance process regarding the matters at hand. [Record No. 12-1] Further, Gray appears to acknowledge this fact in her Complaint [Record No. 1 at 13, 16] and in response to the BOP's motion [Record No. 19 at 1-2]. Gray, however, has made several factual claims regarding whether prison officials impeded her ability to exhaust her claims and, therefore, made the usual grievance system unavailable to her. *See Gilmore v. Ormond*, No. 19-5237, 2019 WL 8222518, at *2 (6th Cir. Oct. 4, 2019) (indicating that it is improper to grant summary judgment under such circumstances).

For example, Gray alleges that when she raised transgender-related matters with a prison Captain, he responded that "there was no one staffed" at FMC "to deal with transgender issues" and that she "would *have to* communicate" with the BOP's Transgender Executive Council "to get any transgender accommodation requests evaluated or approved." [Record No. 1 at 9 (emphasis added)] Gray then asserts that she followed these directions and "sent a

letter to [the BOP's] Transgender Executive Council" via the "BOP's General Council," in addition to sending "complaints via cop-out to [the] Warden." [*Id.* at 16]  Gray states in her Complaint that the Captain "threatened […] that if I continue to send any more requests to staff regarding such requests, he's going to put me in the SHU [i.e., the special housing unit] and transfer me to a more dangerous yard." [*Id.* at 9]  Gray then contends that she discussed the matter with a psychologist at the prison who, along with another physician, "appeared to be on the Captain's side and upheld the threat." [*Id.* at 9-10] And in response to the BOP's motion, Gray asserts that, on at least four occasions, her prison counselor simply refused to provide her with administrative remedy request forms. [*See* Record No. 19 at 1-2]

"A grievance system is unavailable if 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Gilmore*, 2019 WL 8222518, at *2 (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016)). Taken together, these various assertions create contested factual issues regarding whether prison employees engaged in such conduct and thus made the typical grievance process functionally unavailable to Gray, prompting her to pursue claims directly with the Warden and BOP's Transgender Executive Council.  And this precludes summary judgment at this time.

Finally, the Court acknowledges the BOP's latest argument that Gray's claims for injunctive and declaratory relief are moot in light of her recent transfer to a different federal prison.  However, it is well-settled that a movant generally cannot raise new issues for the first time in a reply brief because consideration of such issues deprives the non-moving party of its opportunity to address the new arguments.  *See, e.g., Fastenal Co. v. Crawford*, Civil Action No. 0: 06-061-ART, 609 F. Supp.2d 650, 674 (E.D. Ky. Feb. 26, 2009) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)).  While the BOP may renew its latest

mootness argument *via* a separate motion, the matter is not properly before the Court at this time.

Accordingly, it is hereby **ORDERED** as follows:

1. The BOP's dispositive motion [Record No. 12] is **DENIED**.

2. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.

3. The Clerk of the Court is directed to assign this matter to a United States Magistrate Judge by random draw.

Dated: October 13, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky