UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRANDON GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-137-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Brandon Gray filed a civil rights Complaint while detained as a prisoner at the Federal Medical Center ("FMC") in Lexington, Kentucky. Gray, who is transgender, alleges that officials at FMC Lexington failed to follow applicable Bureau of Prisons ("BOP") policies regarding transgender inmates. She seeks declaratory and injunctive relief.[1]

The BOP filed a motion to dismiss Gray's Complaint on August 11, 2021, alleging that she failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a). Gray filed a response, indicating that she made several attempts to pursue administrative relief, but FMC Lexington staff prevented her from doing so. Accordingly, the Court denied the BOP's motion to dismiss.

---

[1] Gray seeks the following relief: that FMC Lexington shall provide her "an individualized case management plan;" that FMC Lexington shall "staff a transgender policy committee to address the needs of transgender inmates;" that FMC Lexington shall move Gray to a single-person cell and provide her "hormones" and gender dysphoria treatment; and unspecified declaratory relief. [Record No. 1, p. 19] Gray also sought monetary damages but that claim was previously dismissed based on sovereign immunity. [Record No. 9]

The BOP filed a second motion to dismiss on October 27, 2021, reporting that Gray had been transferred to FMC Devens, Massachusetts following an investigation which resulted in Gray being assigned a Central Inmate Monitoring Assignment of separation from another inmate at FMC Lexington. The BOP has provided supporting documentation indicating that Gray was transferred from FMC Lexington on August 24, 2021, and was designated to FMC Devens on September 9, 2021. [Record No. 26-3]

As the BOP correctly observes, Gray's transfer to a different facility moots her claims for declaratory and injunctive relief based on the alleged practices at FMC Lexington. This is because Gray's transfer ends the alleged violation of her constitutional rights, rendering the court unable to grant the relief requested. *See Fredette v. Hemingway*, 65 F. App'x 929, 931 (6th Cir. 2003). *See also Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009) (plaintiff's claims for declaratory and injunctive relief were moot after he was transferred from facility that did not offer Kosher meals); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (plaintiff's claims for declaratory and injunctive relief were moot when he was no longer confined to the institution that searched his mail).

Gray suggests that the Court should deny the defendant's motion to dismiss because "FMC Lexington has failed to properly treat so many transgender inmates . . . and if the Court does [not] end the inadequate care there will be many more suffering." But Gray lacks standing to assert the rights of other prisoners. *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (citing *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989)). Gray's claims are limited to alleged violations of her own constitutional rights and, to the extent she attempts to assert claims on behalf of other transgender inmates, her claims fail. *See id.*

Finally, in her response to the motion to dismiss, Gray makes vague claims regarding harm she allegedly continues to experience following her transfer to FMC Devens. She states:

> The Plaintiff was unable to file administrative remedies for a sexual assault on herself by a correctional officer at FMC Lexington by being targeted and threatened for speaking out about it at her new institution FMC Devens. There is a connection with the harm she suffered at FMC Lexington to the harm she is now facing at her new institution FMC Devens. To this day the Plaintiff still faces harm from actions committed at FMC Lexington.

While Gray's handwritten Complaint is somewhat difficult to follow, it does not appear to make any reference to an alleged sexual assault by a correctional officer. However, these allegations appear to be related to the "notice of prevention to file remedies" Gray filed on October 20, 2021. [Record No. 25] Gray reported that she attempted to file an administrative grievance during the week of September 21, 2021, based on an alleged sexual assault that occurred at FMC Lexington. According to Gray, she "was filing because she planned to bring a new lawsuit for this matter." However, the following day, a lieutenant threatened Gray that there would be negative consequences if she continued with her grievance. According to Gray, she "agreed and left" because she felt scared and threatened.

While there is no indication it was Gray's intent to do so, she cannot add a new claim regarding the alleged sexual assault without seeking to amend her Complaint. *See Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 817 (6th Cir. 2020). To the extent she alleges that she has been prevented from filing administrative grievances at FMC Devens, that facility and its officials are not defendants in this case and the declaratory and injunctive relief requested against FMC Lexington would have no impact on FMC Devens.

Based on the foregoing, it is hereby

- 4 -

**ORDERED** that the Bureau of Prisons' motion to dismiss [Record No. 26] is **GRANTED**.

Dated: November 24, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky